UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ROSA A. MESTECKY,

        Plaintiff,

  -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, DENNIS M. WALCOTT, in his
official capacity as Chancellor of the New York
City Department of Education, MICHELE
LLOYD-BEY, individually and in her official
capacity as Superintendent of District 27, and
GARY FAIRWEATHER, individually and in his
official capacity as Principal of the PS/MS 43
School,

        Defendants.
------------------------------------------------------------ X

**ORDER**

13-CV-4302 (CBA) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

    Before this court is Plaintiff Rosa A. Mestecky's ("Plaintiff") motion for sanctions against Defendants New York City Department of Education ("DOE"), Dennis M. Walcott, Michelle Lloyd-Bey and Gary Fairweather (collectively "Defendants") for spoliation of evidence. For the reasons stated on the record at the Court's January 29, 2016 conference and further discussed herein, Plaintiff's motion is denied in its entirety.

    **I.    BACKGROUND**

    Plaintiff brings this action against Defendants seeking monetary damages for alleged violations of her rights as protected under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the New York Civil Rights Act of 1991, N.Y. Exec. Law 290 et seq.; the Age Discrimination Employment Act, 29 U.S.C. § 621 et seq.; the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k); 42

U.S.C. § 1983; New York Human Rights Law, Exec. Law § 290 et seq.; and Title 8 of the Administrative Code of the City of New York. See generally Amended Compl., ECF No. 30.

The Court assumes familiarity with the facts of this case. In brief, Plaintiff, a probationary teacher employed by Defendant DOE, alleges that she was discriminated against and denied tenure status in September and October 2012 as a result of her pregnancy, gender, ethnicity and medical leave. Id. ¶¶ 80-88. Following her denial of tenure, on October 4, 2012, Plaintiff was provided with an Annual Professional Performance Review and Report on Probationary Service of Pedagogical Employee ("year-end review") with several letters attached and a denial of tenure letter dated October 1, 2012. Id. ¶¶ 91-92. The report found Plaintiff's teaching "unsatisfactory" with the exception of classroom management and stated that Defendant Mr. Fairweather, the principal of Plaintiff's school, was recommending denial of completion of Plaintiff's probationary period. Id. ¶ 91. Plaintiff alleges that this evaluation was inaccurate and that Defendants produced the negative evaluation in retaliation for Plaintiff filing a discrimination claim with the Equal Employment Opportunity Commission in September 2012. Id. ¶¶ 75, 94, 106. On October 21, 2012, Defendant Ms. Lloyd-Bey, the superintendent of the school district that included Plaintiff's school, sent Plaintiff a letter denying her certificate of completion of probation, which led to the termination of Plaintiff's employment. Id. ¶ 107. In response, Plaintiff filed a petition for an Article 78 proceeding in New York State Supreme Court. Id. ¶ 122; Petition attached as Ex. B. to Defs.' Opp'n to Mot. for Sanctions ("Defs.' Opp'n"), ECF No. 81. Respondents granted Plaintiff all or almost all of her requested relief and the state court justice dismissed the Article 78 proceeding as moot. Decision attached as Ex. D to Defs.' Opp'n.

On January 15, 2016, the Court-ordered date for the close of discovery, Plaintiff filed three motions: a motion for extension of time to complete discovery; a motion to compel discovery; and a motion for sanctions due to Defendants' alleged spoliation of evidence. See generally Mot. for Extension of Time, ECF No. 77; Mot. to Compel, ECF No. 78; Mot. for Sanctions ("Pl.'s Mot."), ECF No. 79. Defendants submitted their responses to Plaintiff's motions for discovery and sanctions on January 26, 2016. See generally Defs.' Opp'n to Mot. to Compel Discovery, ECF No. 80; Defs.' Opp'n. The Court denied Plaintiff's motions in their entirety on the record at a conference held on January 29, 2016. See Minute Entry for Proceedings held 1/29/2016 and Order, ECF No. 82. This opinion followed to further explain the Court's reasoning in denying Plaintiff's motion for sanctions against Defendants for spoliation of the evidence.

In her motion for spoliation, Plaintiff accuses Defendants of issuing a directive to "destroy Plaintiff's personnel file, including her October 2012 year-end evaluation and 2012 observations of Plaintiff's performance," and attaches an email from supervisory Defendants directing Defendant Mr. Fairweather to remove and shred Plaintiff's October 2012 year-end review, tenure decision letter and letter of denial of completion of probation (the "October 2012 documents"). Pl.'s Mot. at 1-2; Ex. 9 attached to Pl.'s Mot. Plaintiff points to this email as evidence of Defendants' intentional destruction of the October 2012 documents. Pl.'s Mot. at 3. Plaintiff seeks the production of the October 2012 documents, as well as the second page of Plaintiff's June 2012 year-end evaluation and observation reports conducted by the DOE during the 2012-2013 school year. Id. at 2. As a result of Defendant's alleged spoliation, Plaintiff demands that the Court: (1) strike Defendant's answer; (2) direct that the jury be given an adverse inference at trial; (3) issue monetary sanctions against Defendants; (4) order that

Defendants reimburse Plaintiff for the costs and attorneys' fees incurred in investigating and litigating the spoliation of evidence issue; and (5) order any other sanctions and relief that the Court deems just and proper. Id. at 1, 4.

On the face of Plaintiff's motion, and the seemingly incriminatory email attached to it, it would appear that Defendants had intentionally spoliated evidence. Plaintiff's filing fails to present an accurate history of relevant events. In their opposition, Defendants provide the Court with a very good explanation for the destruction of certain documents, which came as a surprise to the Court given the representations in Plaintiff's motion. Defendants relate that Plaintiff requested the expungement of the October 2012 documents in her Article 78 petition and Amended Article 78 petition as part of her relief sought, and that Defendants complied with this request in an effort to satisfy Plaintiff's demands. Defs.' Opp'n at 1; Amended Petition attached as Ex. A to Defs.' Opp'n; Decision. Defendants point to Plaintiff's Amended Article 78 petition, wherein Plaintiff requests a judgment directing Defendants to "<u>expunge</u> the false items placed in [Plaintiff's] personnel file after September 2012." Amended Petition at 45 (emphasis added). In an effort to resolve the Article 78 proceeding, Defendants removed and shredded the documents to satisfy Plaintiff's Article 78 demand. Defs.' Opp'n. at 2. Defendants then memorialized these actions in an affidavit presented to the state court as part of Defendants' motion to dismiss the proceeding as moot, explaining to the court that the documents had been removed from Plaintiff's personnel file. Defs.' Opp'n at 2; Aff. of Charles Peeples ("Peeples Aff.") attached as Ex. C to Defs.' Opp'n ¶¶ 10-12, 14. In the court's opinion, New York State Supreme Court Justice Alice Schlesinger explicitly relied on the representations in the Peeples Affidavit in finding that Defendants had provided to Plaintiff the relief that she had requested in her petition

and dismissing the proceeding as moot. Decision at 3-4. There is no evidence in the present record that Plaintiff appealed the Article 78 proceeding dismissal.

Defendants also inform the Court that Plaintiff is in possession of the October 2012 documents, has used them during depositions, and even attached portions of them to her April 29, 2015 motion to compel and the motion to compel she filed on the same day as this motion. Defs.' Opp'n at 3. At the January 29, 2016 conference, the Court discussed the "missing" documents further with the parties. Upon review of the submissions and discussion during the conference, the Court learned that, although certain original documents were destroyed, Plaintiff has copies of all of the substantive documents, and that only three documents that may or may not have existed are not available. First, as to the 2012-2013 observation reports that Plaintiff claims exist, there is no testimonial evidence that formal observations occurred or that the documents ever existed. The only indication that Plaintiff had about the existence of these documents was a notification put in Defendants' ARIS system, but as Defendants explained, the computer notices do not prove that a performance was ever conducted. Plaintiff was unable to give specific dates or provide any recollection as to these formal observations of Plaintiff having occurred. The only observation discussed with Plaintiff was the informal supplemental observation by Mr. Fairweather, see Amended Compl. ¶ 30, and there was no evidence presented that the ARIS system notification referred to the informal review. As to the second page of Plaintiff's June 2012 year-end evaluation, Defendants explained that the second page is likely a signature page (given the usual format of these forms), and as Plaintiff was not a candidate for tenure during that review, this page would likely not have been completed and submitted. As to the October 2012 year-end evaluation, the alleged missing page is a signature page. There is no dispute that Plaintiff's denial of tenure was stated in the main pages of the document, and there

5

was no testimonial evidence that the page was completed, although it may have been. There also is no denial by Defendant that Plaintiff was denied tenure and her employment terminated based on the principal's and superintendent's actions, which is the only issue that any signature page would likely support. Thus, the documents Plaintiff claims are missing may never have existed or would have been of minimal relevance in this case at trial. For these reasons and the reasons discussed in their opposition, Defendants ask the Court to deny Plaintiff's motion. Defs.' Opp'n at 3.

## II. ANALYSIS

Spoliation is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999). A party seeking sanctions for spoliation, including an adverse inference jury instruction, "must establish '(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.'" Coale v. Metro-N. Commuter R. Co., 621 F. App'x 13, 16 (2d Cir. 2015) (quoting Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002)).

### 1. Duty To Preserve

"The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." Fujitsu Ltd. v. Fed. Exp. Corp., 247 F.3d 423, 436 (2d Cir. 2001). Here, it is not disputed that Defendants knew of ongoing federal litigation, as Plaintiff had, in addition to

litigating the Article 78 proceeding, also commenced this federal action by the time the October 2012 documents were destroyed. See Defs.' Opp'n at 2. Yet, Plaintiff, by requesting that Defendants expunge the October 2012 documents, by participating in the Article 78 proceeding and by not appealing the dismissal, waived Defendants' duty to preserve the evidence and forfeited any basis on which to accuse Defendants of spoliation of these documents.

Plaintiff's counsel, at the January 29, 2016 conference, complained that Defendants should have instead removed the documents from Plaintiff's file, but saved them in a lawyer's file for the ongoing litigation. Her counsel argues that this would have satisfied Plaintiff's demands in her Article 78 petition while not violating any preservation obligations in the federal action. The Court finds Plaintiff's argument unavailing. First, Plaintiff asked that Defendants "expunge" the records from her file, Amended Petition at 45, which implies that Plaintiff wanted the documents destroyed and not merely removed. Second, Defendants' actions were taken with the goals of securing Plaintiff the relief she sought in order to resolve the Article 78 proceeding and of avoiding the need for continued state court litigation. Their actions had that effect, as Justice Schlesinger determined that Defendants, in removing the October 2012 documents from her personnel file and providing Plaintiff with other relief, had satisfied all of Plaintiff's demands in her petition, and she dismissed the petition as moot. Decision at 3-4. The decision, in fact, indicates that Justice Schlesinger was aware of the federal action. If Plaintiff disagreed with these steps and the state court's decision, she could have opposed Defendants' actions or appealed this dismissal, but there is no evidence in the record that she undertook either activity except to have tried to add new claims to the Article 78 petition. Third, had Defendants merely removed the documents, and not destroyed them, they would have run the risk that Plaintiff would have successfully claimed that they gave Plaintiff incomplete relief. Moreover, Plaintiff

7

has copies of the main expunged documents.

Thus, it is unreasonable for Plaintiff to have asked Defendants to expunge the October 2012 documents then to have accused Defendants of spoliation. Therefore, the Court finds that in asking Defendants to expunge the October 2012 documents and participating in the Article 78 proceeding and not appealing, Plaintiff waived Defendants' duty to preserve in this action.

**2. Culpable State of Mind**

"Even where the preservation obligation has been breached, sanctions will only be warranted if the party responsible for the loss had a sufficiently culpable state of mind." Estate of Jackson v. Cty. of Suffolk, 12 Civ. 1455 (JFB) (AKT), 2014 WL 1342957, at *11 (E.D.N.Y. Mar. 31, 2014), adopted by, 12 Civ. 1455 (JFB) (AKT), 2014 WL 3513403 (E.D.N.Y. July 15, 2014) (internal quotation omitted). "In determining culpability, a case-by-case approach is preferable because failures to produce or preserve can occur 'along a continuum of fault— ranging from the innocence through the degrees of negligence to intentionality.'" Wandering Dago Inc. v. New York State Office of Gen. Servs., No. 13 Civ. 1053 (MAD), 2015 WL 3453321, at *11 (N.D.N.Y. May 29, 2015) (quoting Residential Funding Corp., 306 F.3d at 108). For example, in Rabenstein, the parties had settled the case and evidence was destroyed after the settlement agreement was signed. Rabenstein v. Sealift, Inc., 18 F. Supp. 3d 343, 362 (E.D.N.Y. 2014). The plaintiff then accused defendants of gross negligence for failing to preserve the evidence. Id. The Court, in finding that defendants did not act with a culpable state of mind, held that "given the ostensible settlement between the parties, there was no duty to preserve the overtime sheets in question and, thus, no negligence for failing to preserve said overtime sheets." Id. at 363; see Wandering Dago, 2015 WL 3453321, at *11 (no culpable state of mind where emails were administratively deleted); Centrifugal Force, Inc. v. Softnet Commc'n, Inc., 783 F.

8

Supp. 2d 736, 742-43 (S.D.N.Y. 2011) (inadvertent destruction of email did not show culpable state of mind).

In this instance, the Court finds that Defendants similarly did not act with a culpable state of mind. As in Rabenstein where Defendants acted under the assumption that the case had settled, Defendants here acted with the intention of resolving Plaintiff's Article 78 proceeding in a way sanctioned by the state court. They destroyed the October 2012 documents in a good faith effort to secure the relief Plaintiff demanded in her petition and to avoid future litigation. Moreover, they sought Court approval and Plaintiff did not appeal, thus the decision is final. Under the circumstances presented here, the Court certainly cannot fault Defendants for their actions nor find they acted with any culpability. As to the other documents Plaintiff identified, it is not clear that they ever existed or were destroyed by Defendant, so the request fails.

### 3. Relevance

The Second Circuit has made "clear that relevant in th[e context of a spoliation motion] means something more than sufficiently probative to satisfy Rule 401 of the Federal Rules of Evidence." Residential Funding Corp., 306 F.3d at 108-09 (internal quotations omitted).

> It is not enough for the innocent party to show that the destroyed evidence would have been responsive to a document request. The innocent party must also show that the evidence would have been helpful in proving its claims or defenses – i.e. that the innocent party is prejudiced without that evidence. Proof of relevance does not necessarily equal proof of prejudice.

Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., 685 F. Supp. 2d 456, 467 (S.D.N.Y. 2010), abrogated on other grounds by, Chin v. Port Auth. of New York & New Jersey, 685 F.3d 135 (2d Cir. 2012). "No matter what level of culpability is found, . . . . the spoliating party should have the opportunity to demonstrate that the innocent party has not been prejudiced by the absence of the missing information." Id. at 468. "[T]he absence of prejudice

can be shown by demonstrating . . . that the other parties were able to obtain the same evidence from another source," R.F.M.A.S., Inc. v. So, 271 F.R.D. 13, 24-25 (S.D.N.Y. 2010), adopted by, R.F.M.A.S., Inc. v. So, 271 F.R.D. 55 (S.D.N.Y. 2010), or that the "evidence would not support the innocent party's claims or defenses," Pension Comm., 685 F. Supp. 2d at 468-69. See Ruzhinskaya v. HealthPort Techs., LLC, 14 Civ. 2921 (PAE), 2015 WL 7308662, at *5 (S.D.N.Y. Nov. 19, 2015) ("The Court accordingly rejects [the defendant's] bid for an adverse inference instruction, because the records that [were] spoliated are, ultimately, immaterial to this litigation"); In re Pfizer Inc. Sec. Litig., 288 F.R.D. 297, 325 (S.D.N.Y. 2013) (no prejudice demonstrated where scientific study sought was similar to studies that had already been produced); Ispat Inland, Inc. v. Kemper Envtl., Ltd., 05 Civ. 5401 (BSJ) (HBP), 2006 WL 3478339, at *3 (S.D.N.Y. Nov. 30, 2006) (no spoliation where specific copies of documents were destroyed because "duplicates were available to [the defendant's] counsel and in his actual possession . . .").

The Court finds that while the October 2012 documents were relevant, Plaintiff has not been prejudiced by their destruction as she actually possesses copies of them. Plaintiff even attached her October 2012 evaluation, in its entirety, to her April 29, 2015 motion to compel.[1] See Ex. 4 attached to 4/29/2015 Mot. To Compel, ECF No. 36. Plaintiff has not alleged that the documents she now accuses Defendants of destroying are different or have been altered from the copies she holds in her possession. At the January 29, 2016 conference, Plaintiff did not point to

---

[1] At the January 29, 2106 conference Plaintiff attempted to argue that pages were missing from the October 2012 year-end evaluation. This argument arose from Defendants' former counsel's objection at a deposition that some of the pages from Plaintiff's copy were missing. No evidence was presented to the Court that there are actually missing pages, and Defendants' current counsel makes no such representation. It is possible that a signature page is missing, but there was no testimony offered to show it was ever signed or annotated. Therefore, the Court finds this argument also unavailing.

10

any testimony that suggests the documents were modified in any way after Plaintiff received her copies. Therefore, Plaintiff has access to the documents and has failed to show that she was prejudiced by their destruction in any way.

As to the possibly missing documents, Plaintiff has failed to demonstrate that they exist or how they are relevant to this action. The observation reports moat likely were nonexistent as there is no record they were ever created and Plaintiff did not provide any dates that she was officially observed in the 2012-2013 year. The second page of her June 2012 year-end evaluation is also irrelevant as it is likely a form page for signatures. There is no prejudice to Plaintiff of not having documents of no consequence, that at best would likely concern issues not in dispute.

## III.  CONCLUSION

For the reasons stated above, Plaintiff's motion for sanctions against Defendants for spoliation of evidence is denied in its entirety as lacking merit.

Dated:  Brooklyn, New York
          February 5, 2016

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge