```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ROSA A. MESTECKY,                                            :
                                                             :
                    Plaintiff,                               :
                                                             :                    **ORDER**
        -against-                                            :
                                                             :                13-CV-4302 (CBA) (VMS)
NEW YORK CITY DEPARTMENT OF                                  :
EDUCATION, DENNIS M. WALCOTT, in his                         :
official capacity as Chancellor of the New York              :
City Department of Education, MICHELE                        :
LLOYD-BEY, individually and in her official                  :
capacity as Superintendent of District 27, and               :
GARY FAIRWEATHER, individually and in his                    :
official capacity as Principal of the PS/MS 43               :
School,                                                      :
                                                             :
                    Defendants.                              :
                                                             :
------------------------------------------------------------ X
```

**Vera M. Scanlon, United States Magistrate Judge:**

The Court has considered Plaintiff's request for reconsideration, ECF No. 84; Defendants' opposition, ECF No. 86; the original motion for spoliation, ECF No. 79; Defendants' opposition to the spoliation motion, ECF No. 81; and the Court's Orders, ECF Nos. 82 & 83. On February 26, 2016, the Court heard oral argument on the motion for reconsideration. (The Court had already heard extensive argument about the original motion on January 29, 2016, as noted on the docket.) For the reasons stated herein, the motion is denied as without merit.

Plaintiff's motion fails to meet the standard of Local Rule 6.3, particularly because several of Plaintiff's arguments in the reconsideration motion were not raised in the initial motion and were thus waived.

Plaintiff is incorrect that the Court "was inclined to grant the motion for spoliation" but "was swayed" by the Department of Educations's ("DOE") representations regarding the resolution of the Plaintiff's New York State Supreme Court Article 78 proceeding in which she challenged her termination of employment for failure to receive tenure and in which Defendant DOE gave Plaintiff all of the requested relief, including reinstatement, back pay and expungement of part of her record as requested. As explained in the Court's February 5, 2016 Order, the denial of the spoliation motion as to records in Plaintiff's personnel file was based largely on the Article 78 proceeding, including Supreme Court Justice Schlesinger's Order dismissing the Article 78 petition as moot, which Plaintiff/Petitioner did not appeal. ECF No. 82. In its reconsideration motion, as to the records, Plaintiff raises an argument not previously raised in writing or at oral argument, despite the fact that there were three days between the date of Defendants' filing of its opposition and the date of the conference on the spoliation motion on January 29, 2016. Plaintiff claims that her requested "expungement" of her records in the Article 78 used a term of art for a particular type of relief in which the offending documents would have been removed from Plaintiff's file, but a copy would have been retained in the DOE administrative unit for litigation purposes.

Plaintiff's argument is not consistent with the plain language of her request or the record. First, in her amended Article 78 petition, Plaintiff added a request for the following relief: "Respondent shall expunge the false items placed in Petitioner's personnel file after September of 2012." Attachment A to ECF No. 81 at 48. Second, the Merriam-Webster definition of expunge is "to remove (something) completely," and when used as a transitive verb, "it can mean a) to strike out, obliterate, or mark for deletion; b) to efface completely; c) to eliminate (as a memory) from one's consciousness." Thus, the common understanding of Plaintiff's request to

2

"expunge" records was that the documents would be removed from her file and destroyed, as Defendant DOE did at her request. Third, Plaintiff's invocation in its reconsideration motion (but not in its original motion) of Olivares v. Board of Education, 39 A.D.3d 230 (1st Dep't 2007), is unavailing. In Olivares, the petitioner sought the expungement of misconduct charges from the DOE's Trial Unit files, which the Court denied. The petitioner's records in Olivares were misconduct records, which the New York Codes, Rules and Regulations requires be maintained for at least three years, while the documents in the present case were in-school records about poor performances and a tenure decision, not misconduct charges, and thus not subject to the administrative preservation requirement. The records at issue here were in Plaintiff's own personnel files, and not in any Trial Unit records. Additionally, the question in Olivares was whether the defendant could be compelled to destroy documents, not, as in this case, whether the destruction of records at Plaintiff's request was overly thorough expungement. Fourth, in any event, Defendants' argument in the spoliation motion was not whether they could have been required to destroy all copies of the offending documents, but that they had done so at Plaintiff's request, had informed Plaintiff (then Petitioner and her counsel), had informed the New York State Supreme Court and had received the Court's agreement that these actions conformed with Plaintiff's request. As noted above, Plaintiff did not appeal the New York State Supreme Court's Order. Plaintiff's lately raised argument that she did not understand the Peebles Affidavit to have been describing the destruction of the documents in question, Attachment C to ECF No. 81 at 2, but merely their removal and storage in some unidentified litigation file, is not persuasive. Had Plaintiff during the pendency of the Article 78 proceeding sought the preservation relief for which she now argues, or even had it remotely been in her mind, she could readily have asked the DOE for a complete copy of all the documents in her file.

Thus, Defendants did not have any duty to preserve the documents in dispute and did not commit spoliation.

Plaintiff also now argues that the Court was also incorrect as to the copies of the review forms that she has, which she claims are incomplete. As explained in footnote one of the Court's February 5, 2016 Order, Plaintiff did not offer evidence that there were actually missing pages which had been completed by Mr. Fairweather of the Superintendent. Plaintiff's belated written citation to transcripts in her motion for reconsideration is too late to create an issue that should be considered on this motion. Again, Plaintiff troublingly provides in her letter only select information as to Mr. Fairweather's knowledge about the second page of the June 2012 document in support of her present position, and she fails to cite to the portion of Mr. Fairweather's deposition transcript in which he testified that he did not remember whether he completed the second page of the June 2012 evaluation (although Plaintiff did attach a portion of the transcript to her motion for reconsideration). Additionally, the allegedly missing documents are not necessary to Plaintiff's case given that Plaintiff has a copy of the form pages without the signature or signatures. There is no dispute in the record that Mr. Fairweather did not recommend Plaintiff for tenure in the fall of 2012; that the alleged reasons were stated in documents submitted to the District Superintendent and in a letter to Plaintiff; and that the Superintendent adopted his recommendation so that tenure was denied. Thus, if they ever existed, missing recommendation signatures pages would have no adverse impact on Plaintiff's effort to prove her case.

Only now, in the motion for reconsideration, does Plaintiff posit that the Principal and Superintendent might have considered Plaintiff to be a good candidate for tenure in June of 2012 and possibly granted tenure during the summer, but changed their minds by September or

October 2012.  Plaintiff now suggests that the allegedly missing signature document for June 2012 might support that view.  Plaintiff did not offer this sequence of events in her motion for spoliation.  This lately offered position is a difficult argument to follow because it requires the factfinder to believe that Mr. Fairweather pulled from the DOE's records a positive tenure decision, requested of Plaintiff that she extend her review time, denied tenure in the fall of 2012 and never recalled the June 2012 tenure grant, although the basis for his alleged discrimination against Plaintiff was her leave of absence for the fall 2011 semester, which had concluded by June 2012, when he may have granted her tenure.  Although counsel for Plaintiff and for Defendants agreed during oral argument that any tenure decision would have been disseminated had it been made, there are no records of such dissemination.  Plaintiff did not offer, in either the initial spoliation motion or the present motion, evidence that any positive or negative decision on tenure was made and disseminated by any party in June 2012, thus calling into question the viability of Plaintiff's argument.  Plaintiff's argument in favor of finding that tenure was granted in June 2012 is tenuous, requires an extended series of deductions from the circumstantial evidence, and may be best presented as cross-examination or impeachment at trial, if there is a trial in this action.

As to the alleged formal performance evaluations from the fall of 2012 and the spoliation motion and reconsideration motion, Plaintiff failed to establish the existence of the documents in question, any duty of preservation by Defendants, or any prejudice.  Plaintiff's spoliation motion claims that emails confirm the inclusion of formal observations in Plaintiff's file, relying on, inter alia, a mention of an annual performance review in a 2014 email written by Mr. Peebles.  Exhibit 9 attached to ECF No. 79 at 1.  Defendants' counsel disputed that theory during the initial oral argument and pointed out that Defendants' ARIS computer system could not confirm

their existence, which is consistent with the notation in a December 2012 email that indicates that some observations were started but not completed. See Exhibit 5 attached to ECF No. 84. Thus, counsel have a dispute as to whether they were formal observations, as Plaintiff argues (and which Plaintiff implies required paperwork), or informal observations, as Defendant argues (to the extent they were ever conducted, and Plaintiff in her deposition could not remember any). Nonetheless, to the extent there any documents reporting on observations, Defendants did not have any preservation obligation as to post-September 2012 records as Plaintiff had requested their destruction so Defendants could not have committed spoliation. In any event, Defendants cannot be found to have spoliated documents that may not ever have existed, and Plaintiff would not suffer any prejudice from the alleged nonproduction.

    Plaintiff's motion is denied, as it, like the original motion, is lacking in merit, particularly as to the records expunged from Plaintiff's personnel file, the expungement of which was later approved by the New York Supreme Court.

Dated: Brooklyn, New York
       February 26, 2016

                                        *Vera M. Scanlon*
                                        VERA M. SCANLON
                                        United States Magistrate Judge