UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROSA A. MESTECKY,

              Plaintiff,

   -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, DENNIS M. WALCOTT, in his
official capacity as Chancellor of the New York
City Department of Education, MICHELE
LLOYD-BEY, individually and in her official
capacity as Superintendent of District 27, and
GARY FAIRWEATHER, individually and in his
official capacity as Principal of the PS/MS 43
School,

              Defendants.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-4302 (CBA) (VMS)

**AMON, United States District Judge:**

Plaintiff Rosa A. Mestecky, a teacher employed by the New York City Department of Education ("DOE") brings this employment discrimination action alleging that she was denied tenure and terminated because of her race, gender, national origin, pregnancy status, and disability status, as well as retaliation for engaging in protected activities. Discovery has been ongoing before the Honorable Vera M. Scanlon, United States Magistrate Judge, since November 2013. The Court now considers defendants' objections to two of Magistrate Judge Scanlon's orders concerning Mestecky's motion for sanctions against defendants. For the reasons stated below, the Court concludes that Mestecky's objections are untimely and that neither ruling is clearly erroneous or contrary to law.

## BACKGROUND

On February 5, 2016, Magistrate Judge Scanlon denied Mestecky's motion for sanctions against defendants DOE, Dennis M. Walcott, Michele Lloyd-Bey, and Gary Fairweather for spoliation of evidence. (D.E. # 83.) On February 12, 2016, Mestecky filed a motion for

1

reconsideration of the February 5, 2016, Order. (D.E. # 84.) Magistrate Judge Scanlon denied Mestecky's motion for reconsideration on February 26, 2016. (D.E. # 89.) That day, Mestecky filed objections to Magistrate Judge Scanlon's February 5, 2016 and February 26, 2016 Orders. (D.E. # 90.)

## STANDARD OF REVIEW

A magistrate judge is empowered by the Federal Magistrate's Act and Federal Rule of Civil Procedure 72 to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); see also Thomas E. Hoar Inc. v. Sara Lee Corp., 990 F.2d 522, 525 (2d Cir. 1990) (finding that pretrial discovery matters "generally are considered 'nondispositive' of the litigation," and thus subject to this deferential standard of review).

Under the "clearly erroneous" standard of review, a district court may reverse a magistrate judge's finding only if it is "left with the definite and firm conviction that a mistake has been committed." Mobil Shipping and Transp. Co. v. Wonsild Liquid Carriers, Ltd., 190 F.3d 64, 67–68 (2d Cir. 1999) (quoting Anderson v. Bessemer City, 470 U.S. 564, 574 (1985)) (internal quotations omitted); see also United States v. Isiofia, 370 F.3d 226, 232 (2d Cir. 2004). Similarly, under the "contrary to law" standard of review, a district court may reverse a finding only if it finds that the magistrate judge "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." Catskill Dev., LLC v. Park Place Entm't, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (internal quotations omitted). Pursuant to this highly deferential standard of review, magistrate judges are thus afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused. See Thomas E. Hoar, Inc., 900 F.2d at 524; United

States v. District Council, 782 F. Supp. 920, 922 (S.D.N.Y. 1992). "A court abuses its discretion when its decision rests on an error of law or on a clearly erroneous factual finding, or when its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." Arista Records, LLC v. Doe 3, 604 F.3d 110, 117 (2d Cir. 2010) (internal citation omitted). Thus "a party seeking to overturn a discovery order bears a heavy burden." AP Links. LLC v. Global Golf, Inc., No. 08–CV–1730, 2011 WL 888261, at *4 (E.D.N.Y. Mar. 14, 2011) (internal citations omitted).

## DISCUSSION

The Court finds that Mestecky has "expended [her] opportunity to timely appeal" Magistrate Judge Scanlon's Orders. NG v. HSBC Mortgage Corp., 262 F.R.D. 135 (E.D.N.Y. 2009). Mestecky filed a Motion for Reconsideration with Magistrate Judge Scanlon on February 12, 2016, rather than immediately filing this Rule 72(a) Motion. The "proper procedural route" would have been to timely contest the initial February 5 Order, which is non-dispositive, to this Court through Rule 72(a). McNamee v. Clemens, No. 09-CV-1647, 2013 WL 1338720 (SJ) (CLP), at *2 (E.D.N.Y. Apr. 2, 2014). Rule 72(a) clearly states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy.

Fed. R. Civ. P. 72(a). Moreover, the procedure governing practice before Magistrate Judges is governed by 28 U.S.C. § 636(b)(1)(A), which provides in relevant part: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (emphasis added). Both the plain wording of the statute and Rule 72(a) "requires that objections to a

3

magistrate judge's nondispositive order be timely made to the district judge assigned to the case. These provisions clearly reflect the policy that litigation not be unduly delayed in the magistrate judges' courts." McNamee, 2013 WL 1338720, at *2 (quoting Koehler v. Bank of Bermuda Ltd., No. M18-302, 2003 WL 466206, at *1 (S.D.N.Y. Feb. 21, 2003)). Here, plaintiff did not file her objections until February 26, 2016, which was more than fourteen days after the February 5, 2016, Order, so her objections must be dismissed as untimely.

Instead of timely contesting the February 5, 2016 Order to this Court, Mestecky filed a motion for reconsideration to Magistrate Judge Scanlon. Mestecky argues that the instant motion is timely because "the deadline to file objections to the February 5, 2016 decision was tolled during the pendency of the motion for reconsideration." (D.E. # 90 at 1.) However, district courts in this Circuit have repeatedly held that a motion for reconsideration of a magistrate judge's ruling on a non-dispositive matter is not permitted by Rule 60 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. See, e.g., McNamee, 2014 WL 1338720, at *2 n.4; NG, 262 F.R.D. at 135; Koehler v. Bank of Bermuda Ltd., No. M18-302, 2003 WL 466206, at *1 (S.D.N.Y. Feb. 21, 2003). Mestecky has failed to comply with the Court's procedures, and has instead sought a "third (and undue) bite of the apple." McNamee, 2014 WL 1338720, at *2 n.4. Mestecky's argument concerning the tolling of the deadline for objections is thus without merit. See NG, 262 F.R.D. at 135 (dismissing objections to a magistrate judge's order as untimely where the moving party improperly first filed a motion for reconsideration with the magistrate judge).

Notwithstanding Mestecky's procedurally defective Rule 60 motion, Magistrate Judge Scanlon entertained that motion on the merits. (See D.E. # 89.) As a result, Mestecky has already had the benefit of the Magistrate Judge's substantive reconsideration of her previous order denying

sanctions, a benefit to which Mestecky was not entitled. As such, this Court need not countenance yet another untimely request to vacate Magistrate Judge Scanlon's Orders.

Nonetheless, having reviewed Magistrate Judge Scanlon's opinions in this matter for error, this Court finds none. Magistrate Judge Scanlon's denial of Mestecky's motion for sanctions was within the appropriate exercise of her sound discretion and is adequately justified on the factual record. The objections that Mestecky has raised before this Court largely reiterate arguments Mestecky raised in her motion for reconsideration filed with Magistrate Judge Scanlon, (compare D.E. # 84, with D.E. # 90)—arguments that have already been considered and rejected. The Court finds that Magistrate Judge Scanlon correctly concluded that several of Mestecky's arguments in the reconsideration motion were not raised in the initial motion for sanctions and were thus waived. See Nat'l Union Fire Ins. Co. v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001) (concluding that a motion for reconsideration is not the appropriate mechanism for a party to advance new facts, issues, or arguments not previously presented to the court). The Court further concludes that Magistrate Judge Scanlon properly denied Mestecky's initial motion for sanctions because Mestecky waived defendants' duty to preserve, defendants did not act with a culpable state of mind, and Mestecky failed to show that she was prejudiced by the destruction of the documents. For purposes of Rule 72, neither of Magistrate Judge Scanlon's orders were clearly erroneous or contrary to law. Accordingly, Mestecky's various arguments in opposition are wholly without merit. NG, 262 F.R.D. at 135–36.

## CONCLUSION

The Court finds that Mestecky's objections are untimely. In any event, upon review of Magistrate Judge Scanlon's Orders and Mestecky's objections, the Court concludes that neither decision is clearly erroneous or contrary to law. Accordingly, Mestecky's application for reversal of those decisions is denied.

SO ORDERED.

Dated: December 9, 2016
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge